UNION BUILDING COMPANY ET AL., PROSECUTORS-RE-
SPONDENTS, v. CITY OF NEWARK ET AL., DEFEND-
ANTS-APPELLANTS.

Argued October 15, 1946—Decided March 20, 1947.

For the respondents, *Hannoch & Lasser* (*Herbert J. Han-
noch* and *Morris Weinstein,* of counsel).

For the appellants, *Thomas L. Parsonnet.*

PER CURIAM.

The Supreme Court judgment under appeal contains cer-
tain findings and upon such findings sets aside and vacates
"the Certificate of Costs dated May 16th, 1944, the resolution
of the Board of Commissioners of the City of Newark adopted
July 26th, 1944, and all action of the Board of Commissioners
of Assessments for Local Improvements of said City taken
thereunder," and further orders "that no part of the cost
and expense paid or incurred by the City of Newark for the
improvement authorized by the Raymond Boulevard Opening
Ordinance may be specially assessed against prosecutors'
lands." The judgment in so far as it sets aside and vacates
the assessment proceeding is affirmed on the opinion of the
Supreme Court.

Appellant further contends that even though the assessment
proceeding be set aside and vacated, the Supreme Court erred
in including in its judgment the following:

"That by reason of and pursuant to the Raymond Boulevard
Supplemental Ordinance, the respondents, in fixing and deter-
mining the cost and expense of said improvement for the
assessment of benefits against prosecutors' land, may include
only that portion of the total cost and expense of said im-
provement as exceeds the sum of $300,000;

"And it further appearing to the court from an examination of the record herein, and as a result of its conclusions in its opinion and in this order expressed, that the cost of the improvement authorized by the Raymond Boulevard Opening Ordinance, calculated according to law, is less than $300,000; it is

"FURTHER ORDERED, ADJUDGED AND DECREED, that no part of the cost and expense paid or incurred by the City of Newark for the improvement authorized by the Raymond Boulevard Opening Ordinance may be specially assessed against prosecutors' lands."

The finding in the first paragraph is a proper construction of the language of the supplemental ordinance of August 8th, 1934 (quoted in the opinion of the Supreme Court) and it may be noted in passing that the language of this ordinance received the same construction by the appellant when it made its original certificate of costs in this matter. The finding in the second paragraph is fully supported by the record. The order contained in the last paragraph properly follows the findings. See *R. S.* 40:56–34.

The judgment under appeal is affirmed, with costs.

*For affirmance*—PARKER, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, DILL, FREUND, McGEEHAN, McLEAN, JJ. 11.

*For reversal*—None.